**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 14-1836

UNITED STATES OF AMERICA,

Appellee,

v.

SHAWN COUGHLIN,

Defendant-Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Howard, Circuit Judge,
Souter,[*] Associate Justice,
and Lipez, Circuit Judge.

Kenneth H. Anderson, with whom Byrne & Anderson, L.L.P. was on the brief, for appellant.
Crystal S. Yang, Assistant United States Attorney, with whom Carmen M. Ortiz, United States Attorney, was on brief, for appellee.

May 7, 2015

---

[*] Hon. David H. Souter, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.

**SOUTER, <u>Associate Justice</u>.**  Shawn Coughlin, a sergeant with the Plymouth, Massachusetts Police Department, was charged under 18 U.S.C. § 242 with willfully assaulting an obstreperous arrestee handcuffed and detained in a holding cell, thus violating the arrestee's right under the Fourth Amendment to be free from excessive force.  The indictment read that Coughlin struck the victim in the head and kneed him in the body, "resulting in bodily injury," an element that elevated the crime charged to a felony.

The government's evidence at trial consisted of video footage of the holding cell, showing the incident between Coughlin and the victim; the testimony of a use-of-force expert, who reviewed the video record of the bodily movements of Coughlin and the victim and gave his opinion that Coughlin struck the victim with his palm and knees and that such blows were unnecessary under the circumstances; and testimony from other officers on the scene, one of whom confirmed that Coughlin hit the victim with his palm and knee. Coughlin took the stand in his own defense, offered his own use-of-force expert, and presented witnesses testifying that the victim did not report any injuries in the hours and days after the incident.  The jury  convicted Coughlin, and specifically found that he caused the victim bodily injury.[1]

Coughlin raises essentially three claims of error, the first

---

[1] Coughlin was also charged and convicted of one count of falsifying a record in a federal investigation, in violation of 18 U.S.C. § 1519.

being denial of his several motions for acquittal under Federal Rule of Criminal Procedure 29. Although he claimed insufficient evidence for any finding of guilt, the thrust of his argument then and now is that a jury could not conclude that the victim suffered "bodily injury," except to such a de minimis degree as to be legally inconsequential under the statute. Coughlin notes that the victim neither testified at trial nor reported an injury, and he emphasizes the want of testimony that the victim uttered any audible expression of pain.

In our review, which is de novo,

> we examine the evidence, both direct and circumstantial, in the light most favorable to the jury's verdict. We do not assess the credibility of a witness, as that is a role reserved for the jury. Nor need we be convinced that the government succeeded in eliminating every possible theory consistent with the defendant's innocence. Rather, we must decide whether that evidence, including all plausible inferences drawn therefrom, would allow a rational factfinder to conclude beyond a reasonable doubt that the defendant committed the charged crime.

United States v. Trinidad-Acosta, 773 F.3d 298, 310-11 (1st Cir. 2014) (citations omitted).

A decade ago, this court held that "bodily injury" under the statute includes "(A) a cut, abrasion, bruise, burn, or disfigurement; (B) physical pain; (C) illness; (D) impairment of [a/the] function of a bodily member, organ, or mental faculty; or (E) any other injury to the body, no matter how temporary." United States v. Bailey, 405 F.3d 102, 111 (1st Cir. 2005) (brackets in

original).[2]

Under this broad definition of "bodily injury," Coughlin's challenges are wholly without merit. A rational jury could easily find that the video evidence showed what the government expert concluded and direct witness testimony confirmed, that Coughlin hit the victim with the palm of his hand and knee, and the same jury could infer that the recipient of such blows suffers at least some temporary physical pain. This is all the statute requires, against which Coughlin's arguments would impermissibly require that inferences and credibility determinations be drawn in his favor, and against support for the verdict.

Coughlin's next claim is that the district court erroneously failed to instruct the jury as he requested on the "objective reasonableness" standard of excessive force. The district court gave the following instruction:

> A law enforcement officer may use only that force which would appear necessary to a reasonable law enforcement officer on the scene, not one with the benefit of hindsight, in order to prevent injury to himself or others, bring a subject into custody or keep an arrestee in custody. An objectively reasonable officer may not, however, use more force than is reasonably necessary to

---

[2] Much of Coughlin's brief on appeal is devoted to arguing, as mentioned, that there should be a de minimis exception to the definition of "bodily injury." But any such argument is foreclosed by Bailey, which accepts "any" "injury" "no matter how temporary." 405 F.3d at 111. Moreover, as counsel conceded at oral argument, Coughlin waived this argument below. Coughlin similarly failed at trial to make his current argument that the court's bodily injury instruction was in error, and, in any event, that instruction fully comported with this court's holding in Bailey.

accomplish these purposes, nor may he use force to punish, retaliate or deter future misconduct. In order for you to convict the defendant, you must find that the government has proven beyond a reasonable doubt that his actions were not reasonable based upon a consideration of all of the facts and circumstances judged from an objective consideration of the perspective of the officer at the scene.

Coughlin asked the district court to include portions of the opinion in Graham v. Connor, 490 U.S. 386 (1989), particularly its observation that police officers often must make "split-second judgments" about the use of force, id. at 397.

We review for abuse of discretion when enquiring whether the district court's instructions adequately explained the law, Baker v. Goldman, Sachs & Co., 771 F.3d 37, 58 (1st Cir. 2014) (citation omitted), and find no abuse here. The district court's instruction properly summarized objective reasonableness, specifically warning the jury against judging with the benefit of hindsight and twice referring to the required perspective of the police officer at "the scene." Coughlin may prefer the "split-second" language in Graham, but he is not entitled to his preferred phrasing as against the court's adequate charge. See United States v. Baird, 712 F.3d 623, 633 (1st Cir. 2013) ("District courts have the prerogative to craft the particular verbiage [used in] jury instructions. So long as that language properly explains the controlling legal standards . . . it will not be second-guessed on appeal." (citations omitted)).

There being no specific error, Coughlin's final claim of

cumulative error is without merit.

The judgment of the district court is affirmed.